

JACOBS
AND ASSOCIATES

May 12, 2026

*Via* ECF/CM

Hon. Carol Bagley Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>    **Re:  *Sobirova v. Sales Gild Inc.*, 26  Civ. 00467 (CBA) (CHK):
>    Motion to Transfer to Judge Donnelly and Coordinate with
>    *Lopez Sanchez v. Mercato Italiano Inc.*, 25 Civ. 03818 (AMD)
>    (PK) pursuant to Fed. R. Civ. P. 42(a)**

Your Honor:

We represent Defendants in the above-captioned matter. We respectfully request that this case be transferred to the Honorable Ann M. Donnelly and coordinated with *Lopez Sanchez v. Mercato Italiano Inc.*, 25 Civ. 03818 (AMD) (PK), pursuant to Federal Rule of Civil Procedure 42(a), the Eastern District of New York's related-case procedures, and the Court's inherent authority to manage its docket.

This motion is made without objection from counsel for Plaintiffs in both actions who were given notice.

## I.    The Earlier-Filed Action

*Lopez Sanchez v. Mercato Italiano Inc.*, 25 Civ. 03818, was filed on July 9, 2025, and is assigned to Judge Donnelly and Magistrate Judge Peggy Kuo.

The action asserts claims under the Fair Labor Standards Act and New York Labor Law against Mercato Italiano Inc., Sales Gild Inc., and several individual defendants, including Cristiano Rossi and Adriana De Martino. An amended complaint was filed, the defendants have answered, and discovery and mediation scheduling orders are in place.

That case is therefore procedurally advanced and actively managed before Judge Donnelly.

97 Newkirk Street, Suite 207
Jersey City, NJ 07306
(646) 212-7234 | lee@jacobslegal.com
Lee Jacobs & Associates LLC

May 12, 2026
Page 2 of 3

## II.    Substantial Identity of Parties and Claims

The present action, *Sobirova v. Sales Gild Inc. et al.*, 26 Civ. 00467, was filed on January 27, 2026, and is assigned to this Court.

It asserts FLSA claims against the same core corporate defendants, Sales Gild Inc. and Mercato Italiano Inc., as well as substantially overlapping individual defendants, including Cristiano Rossi and Adriana Demartino.

Defendants respectfully submit that both cases arise from the same alleged employment practices, the same restaurant/business operations, and overlapping time periods. The factual predicates, payroll policies, compensation structures, and putative witnesses will materially overlap. The legal theories (FLSA wage-and-hour violations) are substantially identical.

Absent coordination, the two actions will require duplicative discovery, overlapping depositions, potentially inconsistent rulings on certification or collective issues, and parallel mediation proceedings.

## III.    Authority for Transfer, Consolidation, and Related-Case Designation Under Rule 42(a) and Local Rule 50.3.1

Federal Rule of Civil Procedure 42(a) authorizes a court to consolidate or coordinate actions that involve common questions of law or fact. Where two wage-and-hour actions arise from the same employment practices, concern the same corporate entities and managers, and will require overlapping discovery, consolidation or coordinated management is appropriate to promote judicial economy, reduce litigation costs, and prevent inconsistent rulings.

In addition, Local Civil Rule 50.3.1 expressly governs the designation and assignment of related civil cases in this District. Under Rule 50.3.1(a), a case is "related" where, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assignment to the same district judge and magistrate judge. This standard is met here.

This request rests on the fact that the two actions arise from the same underlying employment practices, involve substantially overlapping corporate and individual defendants, and will require discovery into the same payroll policies, management decisions, and workplace operations. If handled separately, the cases would entail duplicative discovery supervision, overlapping depositions, potentially inconsistent rulings on FLSA collective issues, and parallel mediation proceedings.

May 12, 2026
Page 3 of 3

Both actions are currently pending in the Eastern District of New York, satisfying Rule 50.3.1(c). Accordingly, pursuant to Rule 42(a) and Local Rule 50.3.1(d), transfer and coordinated assignment to the judge presiding over the earlier-filed action would result in a substantial saving of judicial resources and ensure consistent case management.

## IV.    Judicial Economy and Avoidance of Inconsistent Rulings

The *Sanchez* action is further along procedurally and already subject to a scheduling and mediation framework. Maintaining these actions before different district judges and magistrate judges would:

- create parallel discovery schedules;
- risk inconsistent rulings on FLSA collective issues;
- increase litigation costs; and
- burden the Court with duplicative management.

Transfer and coordination before Judge Donnelly would centralize pretrial management, streamline discovery, and preserve judicial resources.

## V.    Requested Relief

Defendants respectfully request that the Court transfer this action to the Honorable Ann M. Donnelly as a related case to be coordinated it with *Lopez Sanchez v. Mercato Italiano Inc.*, No. 25 Civ. 03818.

We thank the Court for its consideration.

Sincerely,

/s/ *Lee Jacobs*
Lee Jacobs, Esq.